IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR T. WATSON, | ) |
| | ) |
| Plaintiff, | ) PLAINTIFF DEMANDS TRIAL |
| | ) BY A STRUCK JURY |
| v. | ) |
| | ) Civil Action No.: |
| ALABAMA FARMERS | ) |
| COOPERATIVE, INC. d/b/a BONNIE | ) 2:07cv520-WHA |
| PLANT FARMS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 621. This statute provides for injunctive and other relief as a remedy to age discrimination.

2. The Plaintiff has fulfilled all conditions precedent to the institution of this action. The Plaintiff timely filed his EEOC charge of discrimination within 180 days of the last discriminatory act. The Plaintiff timely filed his suit within 90 days of the receipt of his Right to Sue letter from the Equal Employment Opportunity Commission (EEOC) which is dated March 14, 2007.

### II. PARTIES

3. The Plaintiff Arthur T. Watson is a male citizen of the United States, over forty (40) years of age and is a resident of Crenshaw County, Alabama. He was employed by the Defendant, Alabama Farmers Cooperative Inc. (hereinafter AFC) at all times

relevant hereto at its Bullock County, Alabama headquarters.

4. AFC is the employer of the Plaintiff and is subject to suit under 29 U.S.C.§ 621 et seq. (age discrimination). AFC employs in excess of 500 people. AFC is a corporation qualified to do business in the State of Alabama and transacts its principal business of wholesaling flowers, vegetables and plants at numerous store locations throughout the United States.

### III. AGE DISCRIMINATION AND RETALIATION

5. Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-4 above as fully set forth herein.

6. Plaintiff has been employed as a route salesman for Bonnie Plant Farms (AFC) for over 15 years. Before January 2006, Plaintiff had only worked on two prior routes. Throughout his career, Plaintiff has performed his job duties and responsibilities in an exemplary manner.

7. In the year 2005, Plaintiff worked a route in Bells, Tennessee. Plaintiff developed his territory including Bells, Tennessee into a very lucrative route. Plaintiff receives commissions based on his route sales.

8. At the end of 2005, Plaintiff underwent surgery to have a knee replacement

9. Plaintiff was released to return to work. However, Plaintiff was not put back on his Bells, Tennessee route. Plaintiff brought his supervisor, Tate, a letter dated January 10, 2006. In the letter, Plaintiff made a written complaint of age discrimination. On February 2, 2006, Plaintiff brought Tate another letter stating that he was released to return to work without restrictions. Plaintiff made a request to be reassigned to his Tennessee route. Plaintiff was not assigned in Tennessee, but was transferred to a route in

Donaldsonville, Louisiana. Plaintiff believe this assignment was made in retaliation for his complaint of age discrimination.

10. The Plaintiff's Louisiana route was salary only. Plaintiff made a salary of $500.00 per week. Plaintiff had previously made over $45,000.00 in the prior year in Tennessee.

11. Plaintiff increased sales on the Louisiana route, but was again reassigned to a route in Jasper, Alabama. Plaintiff continues to be assigned to routes where he does not have an opportunity to make as much money as he made prior to his complaint of age discrimination. Plaintiff alleges that the continual reassignments and diminution in his wages is being done in an effort to cause him to quit.

12. Plaintiff is sixty-two years old. Plaintiff's route in Tennessee was reassigned to a male under age forty. Plaintiff alleges the Defendant has discriminated against him on the basis of his age, and has retaliated against him.

13. Defendant discriminated against Plaintiff on the basis of his age and in retaliation for his complaints of age discrimination. Defendant has violated 29 U.S.C. § 621 et seq., which provides that employers are prohibited from discriminating on the basis of age with regard to the terms and conditions of the Plaintiff's employment. The Plaintiff alleges that the Defendant AFC willfully discriminated against the Plaintiff on the basis of his age, and the Plaintiff is entitled to an award of liquidated damages because the Defendant is guilty of a willful violation of the ADEA. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and back pay, front pay, and injunctive and declaratory judgment is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injuries from the

Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial provide appropriate relief as follows:

a)  issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are in violation of the (ADEA) 29 U.S.C. § 621, et seq., a statute which prohibits employers from discriminating on the basis of age as concerns the Plaintiff's terms and conditions of employment.

b)  grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, and those acting in concert with the Defendant or at the Defendant's request from continuing to violate the ADEA.

c)  enter an order requiring the Defendant to make the Plaintiff whole by awarding the Plaintiff back-pay, liquidated damages, and/or front-pay.

d)  Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorneys' fees, and expenses incurred in this litigation.

Respectfully submitted,

Jerry Roberson (ROB010)
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238
Phone Number: 205.981.3906
Fax Number:   205.981.3908

E-mail: jdratty@charter.net

Albert H. Adams
Russell Irby Law Firm
257 West Broad Street
Eufaula, AL  36027-0910

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

**Please serve the Defendant by Certified Mail:**

W. Dan Groscost
121 Somerville Road S.E.
Decatur, Al. 35601