# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ARTHUR T. WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | CV-2007-520-WHA |
| ALABAMA FARMERS COOPERATIVE, INC., ) | |
| d/b/a BONNIE PLANT FARMS, ) | |
| ) | |
| Defendant. ) | |

## BONNIE PLANT FARMS' MOTION FOR SUMMARY JUDGMENT

COMES NOW defendant Alabama Farmers Cooperative d/b/a Bonnie Plant Farms ("Bonnie Plant" or "Bonnie")[1], and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves the Court to enter summary judgment in its favor and against plaintiff on all claims. In support of its motion, Bonnie states as follows:

1. Plaintiff's age discrimination claim should be dismissed because he has no direct evidence of discrimination. Roberts v. Design & Mfg. Servs., Inc., 167 Fed. Appx. 82, 85 (11th Cir. 2006); Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358 (11th Cir. 1999); Combs v. Plantation Patterns, 106 F.3d 1519, 1537 (11th Cir. 1997).

2. Plaintiff's age discrimination claim should be dismissed because he has no statistical evidence of discrimination. Kilpatrick v. Tyson Foods, Inc., 2008 WL 624032, at *1 (11th Cir. Mar. 10, 2008); Wheeles v. Nelson's Elec. Motor Servs., 2008 WL 2358734, at *10 (M.D. Ala. Jun. 6, 2008); Standifer v. Sonic-Williams Motors, LLC, 401 F. Supp. 2d 1205, 1215 (N.D. Ala. 2005).

---

[1] Bonnie Plant Farms is a division of Alabama Farmers Cooperative. For purposes of clarity in this motion, the defendant will simply be referred to as "Bonnie Plant" or "Bonnie."

3. Plaintiff's age discrimination claim should be dismissed because he has no circumstantial evidence of discrimination. Bothwell v. RMC Ewell, Inc., 2008 WL 2123340, at *3 (11th Cir. May 21, 2008); Turley v. SCI of Alabama, 190 Fed. Appx. 844, 847 (11th Cir. 2006); Thomas v. Aventis Pharmaceutical, Inc., 177 Fed. Appx. 54, 57 (11th Cir. Apr. 18, 2006); Schweers v. Best Buy, Inc., 132 Fed. Appx. 322, 324-25 (11th Cir. May 24, 2005); Williams v. Motorola, Inc., 303 F.3d 1284, 1291 (11th Cir. 2002); Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1519 (11th Cir. 1990); Carter v. City of Miami, 870 F.2d 578, 582 (11th Cir. 1989); Standifer v. Sonic-Williams Motors, LLC, 401 F. Supp. 2d 1205, 1216 (N.D. Ala. 2005).

4. Plaintiff's age discrimination claim should be dismissed because he has no evidence of pretext. Phillips v. Aaron Rents, Inc., 262 Fed. Appx. 202, 210 (11th Cir. 2008); Robinson v. LaFarge North America, Inc., 240 Fed. Appx. 824, 827 (11th Cir. 2007); Johnson v. Atlanta Independent Sch. Sys., 137 Fed. Appx. 311, 314 (11th Cir. 2005); Wascura v. City of South Miami, 257 F.3d 1238, 1245 (11th Cir. 2001); Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir. 1997); Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1471 (11th Cir. 1991); Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1187 (11th Cir. 1984); Grossmann v. Dillard Dep't Stores, Inc., 109 F.3d 457, 459 (8th Cir. 1997); Proud v. Stone, 945 F.2d 796, 798 (4th Cir. 1991); Henry v. Jefferson County Pers. Bd., 519 F. Supp. 2d 1171, 1187 (N.D. Ala. 2007); Hammons v. Computer Programs & Systems, Inc., 2006 WL 3627117, at *13 (S.D. Ala. 2006); Dingman v. Delta Health Group, Inc., 26 F. Supp. 2d 1349, 1354-55 (S.D. Fla. 1998); Strohmeyer v. International Broth. of Painters & Allied Trades, 989 F.Supp. 455, 460 (W.D.N.Y. 1997).

5. Plaintiff's age discrimination claim should be dismissed because it is time-barred. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002); Delaware State College v.

Ricks, 449 U.S. 250, 258-59 (1980); Smithers v. Wynne, No. 07-11945, 2008 WL 53245, at *1 (11th Cir. Jan. 4, 2008); Calhoun v. Federal Nat'l Mortgage Ass'n, 823 F. 2d 451, 455-56 (11th Cir. 1987); Welty v. S.F. & G., Inc., 605 F. Supp. 1548, 1554-57 (N.D. Ala. 1985).

6. Plaintiff's age discrimination claim should be dismissed because he was not qualified for the job. Barket v. Nextira One, 72 Fed. Appx. 508, 511 (8th Cir. 2003); Hypes v. First Commerce Corp., 3 F.Supp.2d 712, 723 (E.D. La. 1996), aff'd, 134 F.3d 721 (5th Cir. 1998).

7. Plaintiff's age discrimination claim should be dismissed because he was not replaced. Hudson v. Shaw Environmental & Infrastructure, Inc., 2008 WL 596762, at *2 (11th Cir. Mar. 6, 2008).

8. Plaintiff's age discrimination claim should be dismissed because he did not suffer an adverse employment action. Turley v. SCI of Ala., 190 Fed. Appx. 844, 847 (11th Cir. 2006); Doe v. Dekalb County Sch. Dist., 145 F.3d 1441, 1454 (11th Cir. 1998); Scarborough v. Mineta, 2006 WL 931859, at *7 (N.D. Fla. Apr. 10, 2006).

9. Plaintiff's retaliation claim should be dismissed because he did not suffer an adverse employment action. Bothwell v. RMC Ewell, Inc., 2008 WL 2123340, at *3 (11th Cir. May 21, 2008); Turley v. SCI of Ala., 190 Fed. Appx. 844, 847 (11th Cir. 2006); Williams v. Motorola, Inc., 303 F.3d 1284, 1291 (11th Cir. 2002); Doe v. Dekalb County Sch. Dist., 145 F.3d 1441, 1454 (11th Cir. 1998); Scarborough v. Mineta, 2006 WL 931859, at *7 (N.D. Fla. Apr. 10, 2006).

10. Plaintiff's retaliation claim should be dismissed because he has no evidence of any causal connection between the alleged protected conduct and any alleged adverse employment action. Bothwell v. RMC Ewell, Inc., 2008 WL 2123340, at *3 (11th Cir. May 21, 2008);

Vinnett v. General Elec. Co., 2008 WL 834456, at *5 (11th Cir. Mar. 31, 2008); Brochu v. City of Riviera Beach, 303 F.3d 1144, 1155-56 (11th Cir. 2002); Williams v. Motorola, Inc., 303 F.3d 1284, 1291 (11th Cir. 2002); Raney v. Vinson Guard Serv., 120 F.3d 1192, 1197-98 (11th Cir. 1997).

      11.    Plaintiff's retaliation claim should be dismissed because he has no circumstantial evidence of retaliation. Bothwell v. RMC Ewell, Inc., 2008 WL 2123340, at *3 (11th Cir. May 21, 2008); Turley v. SCI of Ala., 190 Fed. Appx. 844, 847 (11th Cir. 2006); Thomas v. Aventis Pharmaceutical, Inc., 177 Fed. Appx. 54, 57 (11th Cir. Apr. 18, 2006); Schweers v. Best Buy, Inc., 132 Fed. Appx. 322, 324-25 (11th Cir. May 24, 2005); Williams v. Motorola, Inc., 303 F.3d 1284, 1291 (11th Cir. 2002); Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1519 (11th Cir. 1990); Carter v. City of Miami, 870 F.2d 578, 582 (11th Cir. 1989); Standifer v. Sonic-Williams Motors, LLC, 401 F. Supp. 2d 1205, 1216 (N.D. Ala. 2005).

      12.    Plaintiff's retaliation claim should be dismissed because he has no evidence of pretext. Phillips v. Aaron Rents, Inc., 262 Fed. Appx. 202, 210 (11th Cir. 2008); Robinson v. LaFarge North America, Inc., 240 Fed. Appx. 824, 827 (11th Cir. 2007); Johnson v. Atlanta Independent Sch. Sys., 137 Fed. Appx. 311, 314 (11th Cir. 2005); Wascura v. City of South Miami, 257 F.3d 1238, 1245 (11th Cir. 2001); Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir. 1997); Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1471 (11th Cir. 1991); Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1187 (11th Cir. 1984); Grossmann v. Dillard Dep't Stores, Inc., 109 F.3d 457, 459 (8th Cir. 1997); Proud v. Stone, 945 F.2d 796, 798 (4th Cir. 1991); Henry v. Jefferson County Pers. Bd., 519 F. Supp. 2d 1171, 1187 (N.D. Ala. 2007); Hammons v. Computer Programs & Systems, Inc., 2006 WL 3627117, at *13 (S.D. Ala. 2006); Dingman v. Delta Health Group, Inc., 26 F. Supp. 2d 1349, 1354-55 (S.D. Fla. 1998);

Strohmeyer v. International Broth. of Painters & Allied Trades, 989 F.Supp. 455, 460 (W.D.N.Y. 1997).

WHEREFORE, PREMISES CONSIDERED, Bonnie respectfully requests that the Court grant summary judgment on all claims alleged by plaintiff, certify the judgment as final under Rule 54(b) of the Federal Rules of Civil Procedure, and tax costs against the plaintiff. Alternatively, and in the event that the Court declines to grant summary judgment on all of plaintiff's claims, Bonnie respectfully requests that the Court grant partial summary judgment in favor of Bonnie with respect to those claims that the Court deems subject to summary judgment.

Respectfully submitted,

s/ Graham Gerhardt
Dent M. Morton (MOR058)
K. Bryance Metheny (MET011)
Graham W. Gerhardt (GER014)
Attorneys for Defendant

**OF COUNSEL**:

**BURR & FORMAN LLP**
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

# CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system on the following CM/ECF participants, on this the 26th day of June, 2008:

> Albert Holman Adams, Jr.
> Albert H Adams, Jr., PC
> P. O. Box 670
> Eufaula, AL  36072-0670
>
> Jerry Dean Roberson
> Roberson & Roberson
> 3765 Kincross Drive
> P.O. Box 380487
> Birmingham, AL 35238

                                                                 s/ Graham Gerhardt  _____
                                                                 OF COUNSEL